UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIO OROZCO VENEGAS,<br><br>          Petitioner,<br><br>     v.<br><br>DAVE DAVEY,<br><br>          Respondent. | Case No. 1:11-cv-01652-LJO-BAM-HC<br><br>Court of Appeals Case No. 14-16579<br><br>ORDER TERMINATING MOTION FOR JUDICIAL NOTICE (DOC. 36)<br><br>ORDER DIRECTING THE CLERK TO SERVE A COPY OF THIS ORDER ON THE NINTH CIRCUIT COURT OF APPEALS |

Petitioner is a state prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's motion for judicial notice, which was filed on August 21, 2014.

On July 11, 2014, the petition for writ of habeas corpus was dismissed and denied, and judgment for Respondent was entered.  The dismissal followed adoption by the District Judge of the Magistrate Judge's findings and recommendations, which had been filed and served on May 16, 2014.  Petitioner did not file any objections to

1

the findings and recommendations.  The docket reflects that the Court's order of dismissal was served by mail on the parties on July 11, 2014.  Petitioner filed a notice of appeal on August 15, 2014, and his appeal has been processed, and appellate court case number 14-16579 has been assigned.  It appears that the appeal is presently pending.  (Docs. 33-35.)

Thereafter, Petitioner filed in this Court the instant motion for judicial notice, in which Petitioner states that he has declared under penalty of perjury in filings in the appellate court that he did not receive the findings and recommendations.  Petitioner attaches what appears to be a mail log reflecting no receipt of mail from this Court during the period in which it would be reasonably anticipated that the findings and recommendations would have been received at Petitioner's institution of confinement.  (Doc. 36 at 1-2, 4.)  In the motion, Petitioner asks that notice be taken of these matters, the findings and recommendations be re-served, and the thirty-day period for filing objections to the findings and recommendations be reinstated, or, alternatively, that the Ninth Circuit consider the matter.

The filing of a timely notice of appeal transfers jurisdiction to the appellate court over the appealable orders and judgments that are encompassed by the notice, and it removes jurisdiction from the district court.  Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1995).  With respect to this Court's consideration of a motion pursuant to Rule 60 to vacate a judgment that is the subject of a pending appeal, the law has recently been summarized:

> Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment. Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 772 (9th

2

1   Cir.1986). However, a district court may entertain and
    decide a Rule 60(b) motion after notice of appeal is filed
2   if the movant follows a certain procedure, which is to
    "ask the district court whether it wishes to entertain the
3   motion, or to grant it, and then move this court, if
    appropriate, for remand of the case." Id. (internal
4   quotation marks and citations omitted); see also Defenders
    of Wildlife v. Bernal, 204 F.3d 920, 930 (9th Cir.2000)
5   (holding that a district court order declining to
    entertain or grant a Rule 60(b) motion is not a final
6   determination on the merits); Scott v. Younger, 739 F.2d
    1464, 1466 (9th Cir.1984) (holding that the district
7   court's denial of a request to entertain a Rule 60(b)
    motion is interlocutory and not appealable and that if the
8   court is inclined to grant the motion, the movant first
    should request limited remand from the appellate court);
9   Crateo, Inc. v. Intermark, Inc. (In re Crateo, Inc.), 536
    F.2d 862, 869 (9th Cir.1976) (declining to order a remand
10  after the district court declined to entertain the Rule
    60(b) motion).

13  Davis v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007).

15      Here, Petitioner's petition was dismissed and denied on the

16  merits.  This Court lacks jurisdiction over Petitioner's motion.  To

17  the extent that Petitioner's motion could be considered a request to

18  this Court to entertain Petitioner's motion, the Court would be

19  inclined to consider and potentially to grant a motion for relief

20  from the judgment.  However, it is Petitioner who must move the

21  appellate court to remand the case for that purpose.

23      Accordingly, the Clerk is DIRECTED to terminate Petitioner's

24  motion for relief from the judgment, and to SERVE a copy of this

25  order on the Ninth Circuit Court of Appeals.

26  IT IS SO ORDERED.

    Dated:   **September 3, 2014**        /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

                                3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28